IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUY GRABNER,

                                                        OPINION AND ORDER

            Plaintiff,

                                           09-cv-461-slc[1]

        v.

MICHAEL JANSEN, Sheriff, Oconto County,
Wisconsin; and OFFICER JAMIE KUHN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Guy Grabner, an inmate at the Oconto County jail in Oconto, Wisconsin, contends that defendants Michael Jansen and Jamie Kuhn used excessive force against him in the course of seizing him and illegally arresting him.  Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915.  He also requests the appointment of counsel. Dkt. #4.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff also is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 8.  Accordingly, I will dismiss the complaint and give plaintiff until August 28, 2009 within which to file an amended complaint that corrects these violations.  Plaintiff's motion for appointment of counsel will be denied.

DISCUSSION

A.  Venue

As an initial matter, I note that under 28 U.S.C. § 1391(b), a civil rights action "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be

2

brought." Venue may be improper in this case if no defendant resides in the Western District of Wisconsin and none of the events giving rise to the claim occurred in this district. However, because improper venue may be waived, Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004), I will not transfer the case to the Eastern District of Wisconsin under 28 U.S.C. § 1404 at this time.

### B.  Fed. R. Civ. P. 8

Plaintiff's complaint does not meet the requirements of Fed. R. Civ. P. 8.  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  In his proposed complaint, plaintiff alleges that the "sheriff's department" kicked in his door without a warrant, tasered him and purposefully pulled his underwear in a painful manner.  However, plaintiff fails to identify how the named defendants were involved in the alleged incident or responsible for the alleged wrongdoing. He also fails to identify when the event occurred.  Rule 8 requires such identification.

Apparently realizing these deficiencies, plaintiff filed a document entitled "amended motion order" in which he appears to be adding allegations to his proposed complaint.  For example, he alleges the date of the incident and identifies Jamie Kuhn as one of the sheriff's deputies involved in the incident. Dkt. #4.  However, a few problems remain. Plaintiff fails to identify how defendant Jansen was involved in the incident.  It is well established that

3

liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir. 1994); Morales v. Cadena, 825 F.2d 1095, 1101 (7th Cir. 1987). He also fails to state whether he is bringing his action against any other unnamed law enforcement officers. In describing the incident, plaintiff refers to "they" and also mentions the Oconto Falls Police Department and the Oconto County Sheriff's Department. Finally, it appears that plaintiff intends to rely on facts contained in the original proposed complaint in addition to the proposed amendments. Defendants can be served with only one complaint. Therefore, that complaint must be complete and provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that clearly sets forth the defendant(s), describes each claim and includes all of the allegations on which plaintiff seeks to rely.

As a final matter, I note that plaintiff seems to be challenging the basis of his arrest, alleging that the deputies did not have a warrant. If he is challenging the basis for his present conviction, he should know that the Supreme Court has held that prisoners may not challenge the fact of their confinement or their convictions under 42 U.S.C. § 1983. Rather,

4

after exhausting their state court remedies, they must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).

C.  Appointment of Counsel

In deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down.  Plaintiff has not met this prerequisite.  Additionally, plaintiff has not explained why he believes that he cannot litigate the case himself.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (district court must consider complexity of case and plaintiff's ability to litigate it).  Finally, it is far too early in the proceedings to appoint counsel, as I have not yet granted plaintiff leave to proceed on any claim.  Therefore, plaintiff's motion for appointment of counsel will be denied.

ORDER

IT IS ORDERED that:

1.  Plaintiff Guy Grabner's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2.  Plaintiff may have until August 28, 2009, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8.  If plaintiff fails to respond to this order by that date, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3.  If, by August 28, 2009, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether he may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 11th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6